IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| CX REINSURANCE COMPANY, LIMITED, | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No. RDB-15-3158 |
| MILDRED K. CAPLAN, et al., | * | |
| Defendants. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

## **MEMORANDUM ORDER**

Currently pending before the Court is Tynisha Johnson, Ty'Ron Johnson, and Ta'Ron Johnson's Motion to Intervene (ECF No. 14) ("Johnson Motion"). Plaintiff opposes the Johnson Motion in its entirety. (ECF No. 19.) Defendants have not filed a timely response to the Motion. The parties' submissions have been reviewed, and no hearing is necessary. *See* Local Rule 105.6 (D. Md. 2016).

Judge James K. Bredar of this Court recently addressed a nearly identical Motion— both factually and procedurally—to that now before the Court. *CX Reinsurance Co. Ltd. v. Leader Realty Co.*, JKB-15-3054, --- F.R.D. ---, 2017 WL 105674 (D. Md. Jan. 10, 2017). In his Memorandum and Order addressing the motion to intervene in that related case, Judge Bredar concluded that intervention of right was not warranted, but that the movants would be allowed to intervene permissively as defendants. *Id.* Citing *Teague v. Bakker*, 931 F.2d 259, 261 (4th Cir. 1991), Judge Bredar concluded that the movants were not entitled to intervene as of right because they had not "adequately shown the second required element of

1

Rule 24(a)(2), *i.e.*, that 'disposition of the action may practically impair or impede the movant's ability to protect that interest.'" *Id.* at *1. On the other hand, the Court there found that because both defendants and movants have an interest in a common question of fact—that is, whether defendants made material misrepresentations on their application for liability insurance—permissive intervention under Rule 24(b) was appropriate. *Id.* at *2. To prevent any delay or prejudice to the original parties, the Court mandated that the intervenors' discovery requests must be "nonduplicative of what the other parties are already taking and otherwise within the scope of established discovery rules." *Id.* To ensure an efficient discovery process, Judge Bredar referred all discovery matters in the case to a Magistrate Judge to review the Intervenors' discovery requests prior to their service on defendants. (*Id.*)

Judge Bredar's reasoning is persuasive and will be followed in the instant case. Accordingly, movants Tynisha Johnson, Ty'Ron Johnson, and Ta'Ron Johnson shall be permitted to intervene as defendants pursuant to Federal Rule of Civil Procedure 24(b). In addition, this case will be referred to a Magistrate Judge for all discovery matters to ensure that the intervenors' discovery requests are "nonduplicative of what the other parties are already taking and otherwise within the scope of established discovery rules," and to review the Intervenors' discovery requests prior to their service on defendants.

For the foregoing reasons, this 2nd day of February, 2017, it is hereby ORDERED that:

1. The Johnson Motion to Intervene (ECF No. 14) is GRANTED IN PART and DENIED IN PART; specifically, movants shall be permitted to intervene pursuant to Federal Rule of Civil Procedure 24(b), but not as of right pursuant to Federal Rule of Civil Procedure 24(a);

2. Tynisha Johnson, Ty'Ron Johnson, and Ta'Ron Johnson SHALL BE DESIGNATED as defendants in this case;

3. The Intervenor Defendants SHALL FILE an Answer to the Amended Complaint (ECF No. 36) by March 24, 2017;

4. The Intervenor Defendants may conduct limited discovery that is nonduplicative of what the other parties are already taking and otherwise within the scope of established discovery rules;

5. This Case is REFERRED to a United States Magistrate Judge for all discovery matters.

_____/s/_____
Richard D. Bennett
United States District Judge